The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, Arkansas 72034-7935
Dear Senator Baker:
This is in response to your request for my opinion on the following question:
 Is the Arkansas General Assembly empowered to enact legislation that would authorize the counties of this state to have the option to enact a county ordinance which would provide for the non-partisan (without political party affiliation) election of county officials similar to legislation that now gives the cities of this state such a choice?
RESPONSE
It is difficult to analyze the legality of any proposed legislation without knowing its precise substance. You have referred generally to legislation that gives cities the option to hold nonpartisan elections. I assume this has reference to A.C.A. § 14-42-206 (Supp. 2009), which governs the holding of municipal elections in cities and towns with the mayor-council form of government. Under that statute, candidates for municipal office are nominated by political primaries only if the city or town council has passed a resolution before January 1 of the year of the election requesting party primaries.[1] If no such resolution is passed, the municipal offices are nonpartisan and all candidates run without party affiliation based on nominating petitions.[2] *Page 2 
As a general proposition, I believe the General Assembly may enact legislation of this sort that would be applicable to counties. However, the actual provisions of the measure will be all-important in assessing its enforceability. This is particularly so because election laws can burden First Amendment rights.[3]
DISCUSSION
The nonpartisan election scheme under A.C.A. § 14-42-206 appears to be in the nature of what has been called a "typical nonpartisan election law."[4] Such a law permits only the names of candidates without party affiliation to appear on the ballot. It has been observed that courts interpret such provisions as allowing candidates to state their party affiliation while campaigning.[5] Political parties ordinarily may still endorse and run the campaigns of nonpartisan candidates, but the parties do not have a role in the nomination process as with partisan elections.[6] Candidates are typically nominated to the general election by petition or by performance in a single primary election in which they run without party affiliation.[7]
According to my research, schemes of this nature are fairly commonplace for local elections, [8] and courts do not quarrel with states' "right to use a system of *Page 3 
nonpartisan elections for filling local and judicial offices."[9]
Because the regulation of state and local elections is primarily left to the states, [10] states generally have the authority to enact nonpartisan election laws, as long as such laws "are narrowly tailored to restrict the role of political parties in the administration of the state's election system and do not implicatefirst amendment rights."[11] Election laws meeting this description have been described generally as follows:
 Typical nonpartisan election laws affect the form of nonpartisan elections. By instituting nonpartisan ballots and eliminating the formal role of political parties in the nominating process, such laws limit the parties' electoral process functions, and not their private associational functions. [Footnote omitted.] Parties have neither a first amendment right to have their name associated with a candidate on an election ballot, nor a right to receive an automatic position on the ballot for their candidate. Rather, these roles are privileges given to the major political parties by state regulations when states believe a party system will promote stable government. [FN 118][12]
Thus, typical nonpartisan election laws merely place political parties on an equal footing for promoting candidates with other political associations.[13] *Page 4 
It thus seems clear that this type of nonpartisan election scheme, which only eliminates the nominating function of parties, is a constitutional approach when analyzed under the First Amendment. I believe it would also withstand scrutiny under the Arkansas Constitution. It is of course well-established that the Arkansas Constitution is not a grant, but rather a limitation of power. Its provisions list what government cannot do; and in the absence of such limiting language, the state government may act, subject only to restrictions and limitations imposed by the Arkansas or United States Constitution.[14] I find nothing in the Arkansas Constitution to specifically prohibit the enactment of a so-called "typical nonpartisan election" for the election of county officials. Amendment 29 of our constitution provides that "[o]nly the names of candidates for office nominated by an organized political party at a convention of delegates, or by a majority of all the votes cast for candidates for the office in a primary election, or by petition of electors, as provided by law, shall be placed on the ballot in any election."[15] As explained by the Arkansas Supreme Court:
 Under this Constitutional Amendment, the Legislation [is] free to allow either convention action, or primary action, or petition of electors. . . . The Amendment was not designed to guarantee a vested right in any political party to any one of the methods mentioned in the Amendment.[16]
As a general proposition, therefore, it appears the General Assembly may enact a typical nonpartisan election scheme, as described above, for the election of county officials. I cannot opine definitively as to any particular scheme, however, without knowing the measure's precise substance. The State's control over the state election process "is not absolute, but is `subject to the limitation that [it] may not be exercised in a way that violates . . . specific provisions of the Constitution."[17] It is particularly important to note that the State has the *Page 5 
"`responsibility to observe the limits established by theFirst Amendment. . . .'"[18] Political parties plainly haveFirst Amendment rights, making the actual provisions of such a measure all-important in terms of the measure's enforceability in the final analysis.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Id. at (a).
[2] Id. at (b).
[3] See Note, Local Nonpartisan Elections, Political Partiesand the First Amendment, 87 Colum. L. Rev. 1677 (1987). TheFirst Amendment protects political speech and political association.See Buckley v. Valeo, 424 U.S. 1 (1976); NAACP v. Alabama ex re.Patterson, 357 U.S. 449 (1958). The First Amendment states: "Congress shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." U.S. Const. amend. I. As noted by the U.S. Supreme Court: "It has long been established that these First Amendment freedoms are protected by theFourteenth amendment from invasion by the States."Edwards v. South Carolina, 372 U.S. 229 (1963). The Constitution does not expressly grant a right of association, but the Supreme Court has acknowledged this right. NAACP, supra. See generally
L. Tribe, American ConstitutionalLaw § 12-23 (1978) (describing the development of the freedom of association).
[4] Note, Local Nonpartisan Elections, Political Parties and theFirst Amendment, supra at 1677.
[5] Id. at 1683 (citing Moon v. Halverson,206 Minn. 331, 288 N.W. 579 (1939)).
[6] Id. at 1677.
[7] Id. at 1683.
[8] Id. at n. 1.
[9] Geary v. Renne, 911 F.2d 280, 287 (9th Cir. 1990) (Reinhardt and Kozinski, concurring). See also Wash. State Grange v. Wash. StateRepub. Party,552 U.S. 442, 464, 128 S. Ct. 1184 (2008) (Scalia Kennedy, J.J., dissenting (recognizing as an established principle unaffected by the majority ruling that "[t]he State of Washington . . . is entirely free to decline running primaries for the selection of party nominees and to hold nonpartisan general elections. . . .") (citing CaliforniaDemocratic Party v. Jones, 530 U.S. 567, 585-586 (2000));Moon v. Halverson, supra note 5.
[10] Note, Local Nonpartisan Elections, Political Parties and theFirst Amendment, supra note 3, at n. 55 (noting Oregon v.Mitchell, 400 U.S. 112 (1970). In Oregon, the court observed that under the 10th Amendment, one of the powers reserved to the states is the regulations of state elections. 400 U.S. at 124-25.
[11] Note, Local Nonpartisan Elections, Political Parties and theFirst Amendment at 1693.
[12] In this footnote, the author further explains that "[s]tates may use the two major parties, particularly in primaries, as a mechanism to ensure a stable and responsive political system. The two major parties, competing for support, channel dissent into the system rather than let it potentially upset the system by fermenting outside of it. In addition, the major parties fulfill a function as coalition builders, again facilitating the smooth running of the state's electoral and governing machinery."
[13] Id. at 1693-94.
[14] Wells v. Purcell, 267 Ark. 456, 592 S.W.2d 100 (1979).
[15] Ark. Const. amend. 29, § 5.
[16] Newton County Republican Central Committee v. Clark,228 Ark. 965, 974, 311 S.W.2d 774 (1958) (rejecting the claim that Amendment 29, Section 5, mandates that an organized political party be able to have a convention of delegates).
[17] Wash. State Grange, supra note 9, at 451 (citingWilliams v. Rhodes, 393 U.S. 23, 29 (1968)).
[18] Eu v. San Francisco County Democratic Central Comm.,489 U.S. 214, 222 (1989) (quoting Tashjian v. Republican Party ofConn., 479 U.S. 208, 217 (1986)).